CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 1 2 2016

JULIA C. DUDLEY, CLERK
BY: H McDona
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

**ARTHUR LEWIS,**
    **Petitioner,**

Civil Action No. 7:15-cv-00662

v.

**MEMORANDUM OPINION**

**JOAN ZIGLAR,**
    **Respondent.**

By:   **Hon. Jackson L. Kiser**
        **Senior United States District Judge**

Arthur Lewis, proceeding pro se, filed a petition for a writ of habeas corpus to challenge the criminal judgment entered by the Circuit Court of Martinsville for crimes related to a robbery. In response to a similar petition that Petitioner filed in this court in Lewis v. Pritchett, No. 7:14-cv-00146, the court had ordered Petitioner to explain how he was in the custody of a state official, Petitioner subsequently acknowledged that he was no longer incarcerated or under supervised release, and I dismissed the petition for lack of jurisdiction. The present petition also does not establish custody.

Section 2254 habeas relief is available only to a person who is "in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "The Supreme Court has construed this provision to be jurisdictional and to require that the habeas petitioner be in custody under the conviction or sentence under attack at the time his petition is filed." Wilson v. Flaherty, 689 F.3d 332, 336 (4th Cir. 2012) (internal quotation marks omitted). Despite the prior notice, Petitioner again fails to establish how the judgment from the Circuit Court of Martinsville subjects him to an actual or imminent restraint on his liberty. See, e.g., Jones v. Cunningham, 371 U.S. 236, 242-43 (1963); Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984). Accordingly, the jurisdictional requirement of 28 U.S.C. § 2254 is still not satisfied, and the petition is dismissed without prejudice pursuant to Rules 1(b) and 4 of the Rules Governing

§ 2254 Cases. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER**: This ___12th___ day of January, 2016.

Senior United States District Judge

2